JOHN B. SULLIVAN (State Bar No. 96742)
jbs@severson.com
EDWARD R. BUELL, III (State Bar No. 240494)
erb@severson.com
KURT C. WENDLENNER (State Bar No. 238434)
kcw@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
ONEWEST BANK, FSB, erroneously sued as
IndyMac Mortgage Services, a division of
OneWest Bank, FSB and FEDERAL HOME
LOAN MORTGAGE CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JASON DESCHAINE, | Case No. 2:13-CV-01991-WBS-CKD |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [FED. R. CIV. PRO. 9(b); FED. R. CIV. PRO. 12(b)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| INDYMAC MORTGAGE SERVICES, A DIVISION OF ONEWEST BANK, FSB; FEDERAL HOME LOAN MORTGAGE CORPORATION; MTC FINANCIAL INC. DBA TRUSTEE CORPS and DOES 1 through 50, inclusive, | Filed concurrently with Request for Judicial Notice; [Proposed] Order |
| Defendants. | Date:    January 27, 2014<br>Time:    2:00 p.m.<br>Dept.:    Courtroom 5, 14th floor<br>Judge:   Hon. William B. Shubb |
| | Action Filed:    August 8, 2013<br>Trial Date:       None Set |

21000.0069/2997454.2

### NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on **January 27, 2014** at **2:00 p.m.,** or as soon thereafter as counsel may be heard, in Courtroom 5, 14th Floor of the above-entitled Court, located at 501 "I" Street, Sacramento, California 95814, Defendant OneWest Bank, FSB, and Defendant Federal Home Loan Mortgage Corporation will move the Court to dismiss Plaintiff Jason Deschaine's Second Amended Complaint, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

This motion is based on this Notice and Motion, the accompanying Memorandum of Points and Authorities, all other pleadings and records on file in this action, and any further briefs, evidence, authorities, or argument presented before or at the hearing of this motion.  Defendant OneWest Bank, FSB, and Defendant Federal Home Loan Mortgage Corporation respectfully request an order dismissing Case No. 2:13-CV-01991-WBS-CKD as to OneWest Bank, FSB, and Federal Home Loan Mortgage Corporation.

DATED:  December 17, 2013

SEVERSON & WERSON
A Professional Corporation

By:  _____
            */s/ Kurt C. Wendlenner*
                  Kurt C. Wendlenner

Attorneys for Defendants ONEWEST BANK, FSB
erroneously sued as IndyMac Mortgage Services, a
division of OneWest Bank, FSB and FEDERAL HOME
LOAN MORTGAGE CORPORATION

1

**TABLE OF CONTENTS**

2

Page

3

I.      INTRODUCTION.................................................................................................. 1

4

II.     SUMMARY OF PERTINENT ALLEGATIONS.................................................. 2

5

III.    PERTINENT PROCEDURAL HISTORY ........................................................... 3

6

IV.    LEGAL ANALYSIS ............................................................................................. 3

7

        A.     None of Plaintiffs Allegations Are Directed Towards Freddie Mac......................... 3

8

9

        B.     Plaintiff Has Failed to Tender the Amount Due and Owing; Plaintiff Lacks
               Standing.............................................................................................................. 4

10

        C.     Plaintiff Is Estopped from Pursuing Pre-Petition Claims........................................ 5

11

        D.     Plaintiff Fails to State Either an Intentional or Negligent Misrepresentation
               Claim. ................................................................................................................ 5

12

13

               1.     Plaintiff Has Failed to Allege Fraud with the Required Level of
                      Specificity.............................................................................................. 5

14

               2.     Plaintiff Fails to Allege Reliance; Plaintiff's Allegations Against
                      Self-Interest Disclose an Insurmountable Defense. ................................. 7

15

16

               3.     Plaintiff's Misrepresentation Claims are Subsumed Within a
                      Contract Claim. ..................................................................................... 9

17

        E.     Plaintiff's Promissory Estoppel Claim Fails for the Same Multiple Reasons
               his Misrepresentation Claims Fail..................................................................... 10

18

19

        F.     Plaintiff's Failure to Perform His Obligations Under Any Alleged Contract
               Prohibits him from Bringing a Breach of Contract Claim. .................................... 10

20

        G.     Plaintiff Fails to Allege that He Was Owed Any Duty of Care. ............................ 11

21

        H.     Plaintiff's Civil Code Section 2923 Claims Are Preempted by HOLA. ................. 12

22

        I.     Plaintiff's Civil Code Section 2924 Claim Is Preempted by HOLA...................... 13

23

        J.     Plaintiff's UCL Claim Is Preempted by HOLA. .................................................. 14

24

        K.     Plaintiff Fails to Allege that any Statutory Violations, as Opposed to
               Foreclosure Proceedings, Caused His Alleged Injury............................................ 14

25

V.     CONCLUSION ................................................................................................. 15

26

27

28

# TABLE OF AUTHORITIES

Page(s)

CASES

*Aas v. Superior Court*,
   24 Cal.4th 627 (2000) ................................................................. 9

*Aguilar v. Wells Fargo Bank, N.A.*
   2012 WL 5915124 (N.D. Cal. 2012) ........................................ 14

*Alimena v. Vericrest Fin., Inc.*,
   2013 WL 4049663 (E.D. Cal. 2013) ......................................... 10

*Anaya v. Advisors Lending Group*,
   2009 WL 2424037 (E.D. Cal. 2009) ........................................... 4

*Aniel v. GMAC Mortgage, LLC*
   2012 WL 5389706 (N.D. Cal. 2012) ......................................... 13

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
   7 Cal.4th 503 (1994) .................................................................. 9

*Armstrong v. Chevy Chase Bank, FSB*
   2012 WL 4747165 (N.D. Cal. 2012) ......................................... 11

*Arnolds Mgmt. Corp. v. Eischen*,
   158 Cal.App.3d 575 (1984) ................................................... 4, 5

*Aspiras v. Wells Fargo Bank, N.A.*,
   2013 WL 5229769 (Cal.App.4 Dist. 2013) ............................. 6, 7

*Auerbach v. Great Western Bank*
   74 Cal.App.4th 1172 (1999) ..................................................... 11

*Autry v. Republic Prods., Inc.*,
   30 Cal.2d 144 (1947) ................................................................ 11

*Ayala v. Bank of Am.*,
   2010 WL 1568577 (S.D. Cal. 2010) ........................................... 7

*Beck v. Am. Health Grp. Int'l, Inc.*,
   211 Cal.App.3d 1555 (1989) ..................................................... 11

*Biggins v. Wells Fargo & Co.*
   266 F.R.D. 399 (N.D. Cal 2009) .............................................. 12

*Brookwood v. Bank of America*,
   45 Cal.App.4th 1667 (1996) ....................................................... 7

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Butler–Rupp v. Lourdeaux,*
    134 Cal.App.4th 1220 (1st Dist. 2005) .................................................................. 9

*DeLeon v. Wells Fargo Bank, N.A.*
    2011 WL 311376 (N.D. Cal. 2011) .............................................................. 9, 14

*DeLeon v. Wells Fargo Bank, N.A.,*
    729 F.Supp.2d 1119 (N.D. Cal. 2010) ...................................................... 13, 14

*DeSoto v. Yellow Freight Sys., Inc.,*
    957 F.2d 655 (9th Cir. 1992) ...................................................................... 2, 15

*Eastman v. Union Pac. R.R. Co.*
    493 F.3d 1151 (10th Cir. 2007) ........................................................................ 5

*Falcocchia v. Saxon Mortg., Inc.*
    709 F.Supp.2d 873 (E.D. Cal. 2010) ............................................................... 14

*Ganesan v. GMAC Mortgage, LLC*
    2012 WL 4901440 (N.D. Cal. 2012) ............................................................... 13

*Garcia v. World Savings, FSB,*
    183 Cal.App.4th 1031 (2010) .......................................................................... 10

*Gardner v. RSM & A Foreclosure Servs., LLC,*
    2013 WL 3242211 (E.D. Cal. 2013) ................................................................. 9

*Gayduchik v. Countrywide Home Loans, Inc.,*
    2010 WL 1737109 (E.D. Cal. 2010) ................................................................. 7

*Giles v. Gen. Motors Acceptance Corp.,*
    494 F.3d 865 (9th Cir.2007) ............................................................................. 9

*Glenn K. Jackson Inc. v. Roe*,
    273 F.3d 1192 (9th Cir. 2001) ........................................................................ 14

*Hafiz v. Greenpoint Mortg. Funding, Inc.*,
    652 F.Supp.2d 1039 (N.D. Cal. 2009) ........................................................... 13

*Hamilton v. State Farm Fire & Cas. Co.*
    270 F.3d 778 (9th Cir. 2001) ........................................................................... 5

*Ismail v. Wells Fargo Bank, N.A.,*
    2013 Wl 930611 (E.D. Cal. 2013) ................................................................. 13

*Kerr Glass Corp. v. Elizabeth Arden Corp.,*
    61 Cal.App.2d 55 (1943) ................................................................................. 11

*Kirk v. Wells Fargo Bank, N.A.,*
    2013 WL 132519 (N.D. Cal. 2013) ................................................................. 13

iii

*Knapp v. Doherty*,
    123 Cal.App.4th 76 (2004) ..................................................................... 15

*Krantz v. BT Visual Images, L.L.C.*,
    89 Cal.App.4th 164 (2001) ..................................................................... 14

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*,
    940 F.2d 397 (9th Cir. 1991) ..................................................................... 6

*Lane v. Vitek Real Estate Indus. Grp.*,
    713 F.Supp.2d 1092 (E.D. Cal. 2010) ..................................................... 13

*Lona v. Citibank, N.A.*,
    202 Cal.App.4th 89 (2011) ............................................................... 14, 15

*Lueras v. BAC Home Loans*
    221 Cal.App.4th 49 (4th Dist. 2013) ................................................. 11, 12

*Manzano v. Metlife Bank, N.A.*
    2011 WL 2080249 (E.D. Cal. 2011) .......................................................... 9

*Marquez v. Wells Fargo Bank, N.A.*
    2013 WL 5141689 (N.D. Cal 2013) ......................................................... 12

*Melendrez v. D&I Investment, Inc.*,
    127 Cal.App.4th 1238 (2005) ................................................................. 15

*Metzler v. Thye*,
    163 Cal.95 (1912) ................................................................................... 10

*Moeller v. Lien*,
    25 Cal.App.4th 822 (1994) ..................................................................... 15

*Moore v. Regents of the Univ. of Cal.*,
    51 Cal.3d 120 (1990) ................................................................................ 3

*Morgan v. Aurora Loan Svcs., LLC*,
    2013 WL 3448552 (C.D. Cal. 2013.) ......................................................... 9

*Ngoc Nguyen v. Wells Fargo Bank, N.A.*,
    749 F.Supp.2d 1022 (N.D. Cal. 2010) ..................................................... 13

*Nguyen v. Calhoun*,
    105 Cal.App.4th 428 (2003) ..................................................................... 4

*Nymark v. Heart Fed. Sav. & Loan Ass'n*
    231 Cal.App.3d 1089 (3d Dist. 1991) ..................................................... 11

*Pantoja v. Countrywide Home Loans*,
    640 F.Supp.2d 1177 (N.D. Cal. 2009) .................................................. 4, 5

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Parcray v. Shea Mortg., Inc.*
   2010 WL 1659369 (E.D. Cal. 2010) ............................................ 13

*Patel v. Mortgage Electronic Registration Systems, Inc.*
   2013 WL 4029277 (N.D. Cal. 2013) ............................................ 13

*People v. Duz-Mor Diagnostic Lab., Inc.,*
   68 Cal.App.4th 654 (1998) ...................................................... 14

*Phong Tran v. Bank of America, N.A.,*
   2013 WL 2368048 (N.D.Cal. May 29, 2013) .............................. 13

*Plastino v. Wells Fargo Bank,*
   873 F.Sup.2d 1179, 1186 n.4 (N.D. Cal. 2012) ......................... 14

*Rodriguez v. Litton Loan Serv.,*
   2009 WL 1326339, **6-7 (E.D. Cal. 2009) .................................. 5

*Rosales v. Downey Sav. & Loan Ass'n,*
   2009 WL 514229 (S.D. Cal. 2009) ............................................ 10

*Rosenfeld v. JPMorgan Chase Bank, N.A.,*
   732 F.Supp.2d 952 (N.D. Cal. 2010) .......................................... 7

*Sami v. Wells Fargo Bank,*
   2012 WL 967051 (N.D. Cal. 2012) ............................................ 13

*San Francisco Unified Sch. Dist. v. W.R. Grace & Co.,*
   37 Cal.App.4th 1318 (1995) .................................................... 12

*Seely v. White Motor Co.,*
   63 Cal.2d 9 (1965) .................................................................. 12

*Settle v. World Sav. Bank, SFB*
   2012 WL 1026103 (C.D. Cal. 2012) .......................................... 11

*Sholiay v. Fed. Nat'l Mortg. Assoc.,*
   2013 WL 556998 (E.D. Cal. 2013) .............................................. 8

*Stickrath v. Globalstar, Inc.,*
   527 F.Supp.2d 992 (N.D. Cal. 2007) .......................................... 5

*Tarmann v. State Farm Mut. Auto Ins. Co.,*
   2 Cal.App.4th 153 (1991) .......................................................... 6

*United Guar. Mortg. Indem. Co v. Countrywide Fin. Corp.,*
   660 F.Supp.2d 1163 (C.D. Cal. 2009) ........................................ 9

*Vega v. JP Morgan Case Bank, N.A.*
   654 F.Supp.2d 1104 (E.D. Cal. 2009) ...................................... 14

*Vess v. Ciba-Geigy Corp. USA,*
  317 F.3d 1097 (9th Cir. 2003) ............................................................................. 6, 5

*Vestar Dev. II, LLC v. Gen. Dynamics Corp.,*
  249 F.3d 958 (9th Cir. 2001) ................................................................................ 11

*In re Worcester,*
  811 F.2d 1224 (9th Cir. 1987) ................................................................................ 4

*Yazdanpanah v. Sacramento Valley Mortg. Group,*
  2009 WL 4573381 (N.D. Cal. 2009) ...................................................................... 8

STATUTES

Civil Code
  § 1486 ....................................................................................................................... 4
  § 1494 ....................................................................................................................... 4
  § 2923 ........................................................................................................ 1, 12, 14
  § 2923.6 .................................................................................................................. 12
  § 2923.7 .................................................................................................................. 12
  § 2924 ....................................................................................................... 1, 13-15

Evidence Code
  § 600 ....................................................................................................................... 15
  § 601 ....................................................................................................................... 15

Home Owners Loan Act of 1933 ............................................................................. 1

RULES, REGULATIONS

Federal Rule of Civil Procedure
  Rule 9 .................................................................................................................. 5, 7

Code of Federal Regulations
  Title 12, § 560.2 ............................................................................................. 12, 13

61 Fed. Reg. at 50966-67 ....................................................................................... 12

OTHER AUTHORITIES

1 Witkin, Summary of California Law (Contracts) §830 (10th ed. 2005) .................... 10

vi
NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

In its order granting IndyMac and Freddie Mac's motion to dismiss first amended complaint, the Court specified that Jason Deschaine could file a second amended complaint, only "*if* **he can do so consistent with this order**." 11/15/13 Order (Doc. 33), emphasis added.  While Plaintiff did end up filing a second amended complaint, Plaintiff certainly did **not** do so consistent with the Court's order.  Plaintiff's second amended complaint is the third in a line of virtually identical complaints submitted by Deschaine, and it suffers from the same defects that the previous iterations suffered from:

(1)  Plaintiff still fails to allege that he acted in reliance on any representations, fails to identify what "other options" Plaintiff declined to pursue, or how those options would have enabled Plaintiff to make his mortgage payments.  Plaintiff still fails to allege that he suffered injury in reliance on any promises;

(2)  Plaintiff still fails to allege that he actually performed his obligations under any alleged contract, and therefore, he cannot bring a breach of contract claim himself;

(3)  Plaintiff still fails to allege that the defendants owed him a duty of care;

(4)  Plaintiff's California Civil Code Section 2923 and 2924 claims are still preempted by the Home Owners Loan Act of 1933.  Plaintiff's UCL claim is still preempted by HOLA; and

(5)  Plaintiff still fails to allege prejudice as a result of any alleged procedural defects in the foreclosure process.  In fact, Plaintiff still fails to allege that any alleged statutory violations caused him any injury whatsoever.

In reality, this case is straightforward: Plaintiff was unable to afford his loan payments, and he never qualified for a loan modification.  Instead of accepting economic realities, Plaintiff has chosen to use the judicial system in an attempt to delay his inevitable eviction.

First, Plaintiff filed bankruptcy.  After discharge, Plaintiff filed the pending, sham lawsuit. In order to drag out these particular proceedings as long as possible, on the last day available for him to oppose Defendants' initial motion to dismiss, Plaintiff filed his first amended complaint. After the Court dismissed every single one of his claims, Plaintiff filed a **virtually identical**

**second amended complaint** simply to continue with his delay-strategy.  All the while, of course, Plaintiff owes over **$380,000 in unpaid debt**.

Plaintiff has now submitted three boilerplate complaints that lack merit.  IndyMac and Freddie Mac therefore request dismissal without leave to amend at this juncture.  *See DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992).

## II.  SUMMARY OF PERTINENT ALLEGATIONS

Jason Deschaine entered into a mortgage loan in December 2005.  Deed of Trust, RJN, Exh. A.  According to the allegations, "[i]n or about 2009, Plaintiff began to experience financial difficulties which resulted in a financial hardship."  SAC, ¶14.  As a result of this financial hardship, Deschaine was unable to meet his obligations under the loan, and a Notice of Default was recorded on January 27, 2009.[1]  RJN, Exh. B.

That said, the loan servicer, IndyMac Mortgage Services,[2] didn't give up on Deschaine, and tried to work with him by offering a trial payment plan to see if he qualified for a HAMP modification.  In February 2010, Deschaine started making payments pursuant to this trial period modification plan.  SAC, ¶17.  Unfortunately, in July 2010, Deschaine was informed that he did not qualify for a permanent loan modification under HAMP.  SAC, ¶19.

Again showing a good faith effort to work with the borrower, IndyMac even tried to work with Deschaine after the HAMP denial.  In July 2010, IndyMac informed Deschaine that he *may* be eligible for a Freddie Mac Backup Modification plan.  SAC, ¶19; *see* Exh. B to SAC.  The letter sent to Deschaine, explaining the possibility of a Backup Modification Plan states "you *may* be eligible . . . [o]nce we receive your information, we will review and determine eligibility.  *If you qualify*, we will permanently modify your mortgage . . ."  Exh. B to SAC., emphasis added.

Though Deschaine never qualified for the Backup Modification Plan, Plaintiff went ahead and started making payments he believed were required under the plan (instead of continuing to

---

[1] Deschaine defaulted multiple times from 2009 through 2013 and multiple Notices of Default were recorded.  *See* RJN Exhs. B-D.

[2] IndyMac Mortgage Services is a division of OneWest Bank FSB, therefore, OneWest Bank FSB is the proper defendant in this action.

2

1    make payments under the HAMP trial period as instructed by the same letter.)  *Id.*  According to

2    the Complaint, Deschaine "struggled to make the payments under the Backup Mod for

3    approximately a year and a half."  SAC, ¶23.  Once more, Deschaine was informed, that he was

4    ineligible for a permanent modification.  SAC, ¶¶27, 29.

5         Descaine filed for Chapter 7 Bankruptcy on February 25, 2013 in an attempt to game the

6    system, "to stop the February 26, 2013, sale date [*sic*] from occurring."  SAC, ¶31; RJN, Exh. E.

7    Plaintiff failed to list any of his present civil claims in his bankruptcy schedules.  RJN, Exh. E.

8    Plaintiff's  bankruptcy was discharged on June 3, 2013.  RJN, Exh. F.

9         Deschaine submitted a further loan modification application in March 2013.  SAC, ¶32.

10   Deschaine was never provided a permanent modification.  Plaintiff was informed that the home

11   was to be sold at foreclosure sale via a Notice of Sale (RJN Exh. G), and on June 25, 2013 the

12   property was sold to Federal Home Loan Mortgage Corporation.  SAC, ¶38; RJN G.

13               **III.  PERTINENT PROCEDURAL HISTORY**

14        Pursuant to Freddie Mac's charter, this matter was removed from state court on

15   September 24, 2013.  The Court granted IndyMac and Freddie Mac's motion to dismiss first

16   amended complaint, in its entirety, on November 15, 2013.

17                    **IV.  LEGAL ANALYSIS**

18   **A.     None of Plaintiffs Allegations Are Directed Towards Freddie Mac.**

19        Twice now, Plaintiff has failed to allege *any* conduct, much less misconduct, on the part of

20   the entity that simply purchased the subject property after foreclosure.  The only allegations

21   concerning Freddie Mac are that the loan was sold to Freddie Mac at the foreclosure sale.  SAC,

22   ¶4.[3]  As Plaintiff fail to allege any wrongful conduct on Freddie Mac's part, it is an improper

23   defendant.

24

25   _____

26   [3] *See, i.e., Moore v. Regents of the Univ. of Cal.*, 51 Cal.3d 120, 134 (1990) (dismissing as
     "egregious examples of generic boilerplate," plaintiff's allegation that "each of the defendants was
27   the agent, joint venturer and employee of each of the other remaining defendant, and is jointly
     liable for the acts of every other defendant and in doing the things hereinafter alleged….")

28

     NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT
     MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    **B.      Plaintiff Has Failed to Tender the Amount Due and Owing; Plaintiff Lacks Standing.**

2          "Under California law, the 'tender rule' requires that as a precondition to challenging a

3    foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a

4    valid and viable tender of payment of the secured debt." *Arnolds Mgmt. Corp. v. Eischen*, 158

5    Cal.App.3d 575, 578 (1984).  In this case, Plaintiff has never cured his default – nor has he even

6    alleged the ability to cure the default.  Therefore, Plaintiff may not bring suit based on any causes

7    of action implicitly connected to the subject foreclosure.

8          To allege a valid tender, "[a] plaintiff must (1) demonstrate a willingness to pay and

9    (2) show the ability to pay." *Pantoja v. Countrywide Home Loans*, 640 F.Supp.2d 1177, 1183-84

10   (N.D. Cal. 2009), citing *In re Worcester,* 811 F.2d 1224, 1231 (9th Cir. 1987).  Crawford alleges

11   neither.  "The rules which govern tenders are strict and are strictly applied . . . .  The tenderer must

12   do and offer everything that is necessary on his part to complete the transaction, and must fairly

13   make known his purpose without ambiguity, and the act of tender must be such that it needs only

14   acceptance by the one to whom it is made to complete the transaction." *Nguyen v. Calhoun*, 105

15   Cal.App.4th 428, 439 (2003); citations omitted.  In other words, the "tender must be one of full

16   performance [] and must be unconditional to be valid." *Eischen*, 158 Cal.App.3d at 580 citing

17   Cal. Civ. Code §§ 1486, 1494.  The reasoning behind the tender rule is sound: a plaintiff cannot

18   possibly show causation, on any claim, if the plaintiff cannot make the payments required under

19   the operative note and deed of trust.  In other words, but for the plaintiff's inability to make the

20   required payments, default would not have occurred.

21         Here, Plaintiff has **not** alleged that he ever offered, or will ever offer, to tender the

22   undisputed amount of money owed on the subject loan – which is over **$380,000**.  Further, beyond

23   his apparent unwillingness to tender, Plaintiff also fails to show that he has the *ability* to tender.

24   Plaintiff's  "inability to make monthly promissory note payments reflects [an] inability to tender."

25   *Anaya v. Advisors Lending Group*, 2009 WL 2424037, *10 (E.D. Cal. 2009) .  Therefore, Plaintiff

26   lacks standing to challenge the foreclosure sale, including "any cause of action implicitly

27

28

1   integrated to the sale."[4]

2   **C.      Plaintiff Is Estopped from Pursuing Pre-Petition Claims.**

3           Plaintiff filed Chapter 7 bankruptcy prior to filing his initial complaint.  RJN, Exh. E.

4   Plaintiff's failure to list claims presently before the Court as an asset on his bankruptcy schedule

5   both commandeered his standing and invoked judicial estoppel.  In short, the filing of the

6   bankruptcy petition and the subsequent discharge now bars Plaintiff from bringing "pre-petition"

7   claims before the Court.  *Hamilton v. State Farm Fire & Cas. Co*. 270 F.3d 778, 782 (9th Cir.

8   2001).  "In the bankruptcy context, a party is judicially estopped from asserting **a cause of action**

9   not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure

10  statements." *Id*., at 783; emphasis added.

11          Further, once the estoppel bell has rung, it cannot be un-rung.  "Allowing a [debtor-

12  plaintiff] to 'back up' and benefit from reopening of [his] bankruptcy only after [his] omission had

13  been exposed would suggest that a debtor should consider disclosing potential assets only if [he is]

14  caught concealing them." *Eastman v. Union Pac. R.R. Co*. 493 F.3d 1151, 1160 (10th Cir. 2007).

15  Thus, Plaintiff's alleged amendment to his schedules is unavailing; Plaintiff should not be

16  rewarded for his trickery.  Plaintiff is estopped from pursuing his pre-petition claims.

17  **D.      Plaintiff Fails to State Either an Intentional or Negligent Misrepresentation Claim.**

18          **1.      Plaintiff Has Failed to Allege Fraud with the Required Level of Specificity.**

19          Allegations of fraud must meet the heightened pleading standards of Federal Rule of Civil

20  Procedure 9(b),[5] which provides, in pertinent part:  "In all averments of fraud or mistake, the

21  circumstances constituting fraud or mistake shall be stated with particularity."  This "requires a

22
23  [4] *Pantoja*, 640 F.Supp.2d at 1184; *Rodriguez v. Litton Loan Serv.*, 2009 WL 1326339, **6-7
    (E.D. Cal. 2009); *Eischen*, 158 Cal.App.3d at 579 [demurrer properly sustained *without* leave on
    claims of wrongful foreclosure, fraud, and negligence relating to defective notice].

24
25  [5] Rule 9(b)'s particularity requirement applies to any averments of fraud even in claims for which
    fraud is not an essential element. *Vess*, *supra*, 317 F.3d at 1103-04.  For instance, insofar as the
26  first cause of action for violation of California's Unfair Competition Law ("UCL") is based on a
    "fraudulent business act or practice," it asserts a claim which must be pleaded with particularity
27  under Rule 9(b) as well.  *See, e.g.*, *Stickrath v. Globalstar, Inc*., 527 F.Supp.2d 992, 998 (N.D.
    Cal. 2007).

28

1   pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus

2   the role of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp.*

3   *Dist.*, 940 F.2d 397, 405 (9th Cir. 1991); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th

4   Cir. 2003) (internal quotations omitted) ("Averments of fraud must be accompanied by the who,

5   what, when, where, and how of the misconduct charged".)  Further, "[w]hen the defendant is a

6   corporate defendant, the plaintiff must specifically allege the names of the persons **who** made the

7   representations, their **authority** to speak, to whom they spoke, **what they said** or wrote, and **when**

8   it was said or written." *Tarmann v. State Farm Mut. Auto Ins. Co.,* 2 Cal.App.4th 153, 157

9   (1991); emphasis added.

10          In paragraphs 71 through 99 of their SAC, Plaintiff alleges that he spoke with various

11   IndyMac employees regarding Plaintiff's attempt to modify his loan, as well as the sale of the

12   subject-property.  That said, Plaintiff never provides any facts regarding the department the

13   alleged employees of IndyMac who were making these representations were working in, or their

14   authority to do so.  Further, though Plaintiff identifies three distinct "representations" under their

15   first cause of action, they only name a single IndyMac employee, and even then, fail to state his

16   last name.  SAC, ¶¶71-92.

17          In *Aspiras v. Wells Fargo Bank, N.A.,* 2013 WL 5229769 (Cal.App.4 Dist. 2013), the

18   borrower-plaintiffs alleged that they spoke with someone in the "customer service department who

19   identified himself or herself as a Wells Fargo employee" who "told Ms. Aspiras that her loan had

20   been transferred to the foreclosure department, there was no scheduled trustee's sale date, and the

21   modification would be reopened if plaintiffs submitted documents showing additional income"

22   and "Mrs. Aspiras was told she had been preapproved for a loan modification but would need to

23   submit another package and that a loan negotiator would be calling her shortly. As a result of that

24   conversation, she submitted another loan modification package."  The representations made by the

25   Wells Fargo employee were deemed false, as the defendant sold the plaintiffs' home at a trustee's

26   sale a month later.

27          *Aspiras* held that, despite the plaintiffs' allegations, "the pleading is entirely uncertain as to

28   the identity of the person with whom Aspiras spoke, and his or her authority to make purported

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  representations concerning the status of plaintiffs' loan and alleged preapproval."  Just as was the

2  case in *Aspiras*, here, Plaintiff fails to allege any names for 2 out of the 3 alleged telephone

3  conversations, and further, Plaintiff utterly fails to allege what departments the referenced

4  IndyMac employees worked in, or their specific authority to speak on the subjects that were

5  addressed.  Plaintiffs descrbibe the IndyMac employees as just that – employees.  SAC, ¶¶52, 58,

6  65.  These boilerplate allegations do not suffice under Rule 9(b).

7           **2.       Plaintiff Fails to Allege Reliance; Plaintiff's Allegations Against Self-Interest
                       Disclose an Insurmountable Defense.**

8

9           Plaintiff simply alleges that he "relied on the representation of Servicer by **continuing** his

10  attempts to obtain a loan modification " throughout the time that he participated in discussions

11  with IndyMac.  SAC, ¶¶74, 81, 88, emphasis added.  Such allegations do not represent a change in

12  position in reaction to any representations, but rather describe Plaintiff's unaltered, long-standing

13  strategy to seek a modification despite numerous denials.

14          Also, "[r]eliance on an alleged misrepresentation . . . is not reasonable when plaintiff could

15  have ascertained the truth through the exercise of reasonable diligence. Reasonable diligence

16  requires the reading of a contract before signing it."  *Brookwood v. Bank of America*, 45

17  Cal.App.4th 1667, 1674 (1996).  Both Exhibits A and B to Plaintiff's SAC – the HAMP Trial-

18  Period Plan and the letter discussing the *possible* Freddie Mac Backup Modification respectively –

19  clearly describe these trial plans were not permanent modification promises.  *See*, *e.g.* Exh. B to

20  Complaint.

21          In other words, Plaintiff cannot honestly claim that he relied on alleged contrary oral

22  representations in the face of the written material he was provided with.  See *Rosenfeld v.*

23  *JPMorgan Chase Bank, N.A*., 732 F.Supp.2d 952, 972 (N.D. Cal. 2010) [dismissing fraud claim in

24  part because the "Adjustable Rate Rider attached to the (deed of trust), which plaintiff executed,

25  clearly explains the terms of repayment.  And Plaintiff has a duty to read the terms of a contract

26  before signing."]; *Ayala v. Bank of Am*., 2010 WL 1568577 (S.D. Cal. 2010) ["Plaintiff is unable

27  to allege justifiable reliance on Defendants' alleged misrepresentations regarding the loan because

28  Plaintiff had access to and signed the loan documents."]; *Gayduchik v. Countrywide Home Loans,*

1   *Inc.*, 2010 WL 1737109, *2 (E.D. Cal. 2010); *Yazdanpanah v. Sacramento Valley Mortg. Group*,

2   2009 WL 4573381, *3 (N.D. Cal. 2009).

3          In its order granting IndyMac and Freddie Mac's motion to dismiss first amended

4   complaint, the Court noted: "Plaintiff does not identify what 'other options' he declined to pursue

5   or how they would have enabled him to make his mortgage payments or postpone the foreclosure

6   sale." 11/15/13 Order (Doc. 33) at 8. In a failed attempt to bypass the Court's admonition,

7   Plaintiff now alleges that he could have "explored" short selling the subject property and filing

8   bankruptcy. SAC, ¶¶ 76, 83, 90, 97.

9          First, these allegations run counter to the allegations against self-interest noted above,

10  where Plaintiff admits to not relying on any misrepresentations. SAC, ¶¶74, 81, 88. While

11  Plaintiff may allege inconsistent legal theories, he cannot allege inconstant facts. Second, "this

12  Court has held that bare allegations that the plaintiff would have explored other options or pursued

13  legal action to stop a foreclosure sale are insufficient to survive a motion to dismiss." 11/15/13

14  Order (Doc. 33) at 8 *citing  Sholiay v. Fed. Nat'l Mortg. Assoc.,* 2013 WL 556998, at *7 n. 6 (E.D.

15  Cal. 2013).

16         Plaintiff's allegations are simply too hypothetical and speculative. Under his reference to a

17  potential short sale, Plaintiff simply guesses that "servicer and bank would have accepted a loan

18  amount that was less than the loan amount as satisfaction . . ." SAC, ¶¶ 76, 83, 90, 97. Not only

19  does this allegation not make sense – it's pure conjecture.  So too, Plaintiff's allegations about

20  exploring bankruptcy are irrelevant in the face of the fact that Plaintiff did in fact file for

21  bankruptcy protection in February 2013 *regardless* of what was allegedly said to him. SAC, ¶31;

22  RJN, Exh. E. Moreover, when Plaintiff filed for bankruptcy, Plaintiff specifically concealed his

23  claims relating to the property on his bankruptcy schedule anyway. RJN, Ex. E.

24         Of course, Plaintiff also fails to set forth any facts in his meandering SAC indicating that

25  IndyMac should have reasonably expected to induce Plaintiff to forgo a short sale or bankruptcy.

26         Lastly, as has already been recognized by this Court, Plaintiff fails to allege that any of the

27  damages he allegedly suffered were the result of any of the Defendants' conduct. 11/15/13 Order

28  (Doc. 33) at 9. In fact, Plaintiff specifically alleges that his damages were caused by his own

21000.0069/2997454.2                              8

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    failure to make his mortgage payments.  The Eastern District has specifically held that intentional

2    and negligent misrepresentation claims are to be dismissed when, as is the case here, the "plaintiff

3    stopped making payments under the loan before these alleged misrepresentations were made."

4    *Manzano v. Metlife Bank, N.A.* 2011 WL 2080249, at *5 (E.D. Cal. 2011); *see also DeLeon v.*

5    *Wells Fargo Bank, N.A.* 2011 WL 311376, at *7 (N.D. Cal. 2011).  Therefore, "[e]ven assuming

6    justifiable reliance . . . no liability attaches if the damages sustained were otherwise inevitable or

7    due to unrelated causes."  *Gardner v. RSM & A Foreclosure Servs., LLC*, 2013 WL 3242211, at *4

8    (E.D. Cal. 2013).

9         Plaintiff's misrepresentation claims should thus be dismissed without leave to amend.

10        **3.    Plaintiff's Misrepresentation Claims are Subsumed Within a Contract Claim.**

11        To the extent that Plaintiff's misrepresentation claims are premised on the allegation that

12   Plaintiff was promised that he would be provided a HAMP modification, such a claim is

13   subsumed within Plaintiff's failed contract claim.  SAC ¶ 85; see Section IV(E).  "A person may

14   not ordinarily recover in tort for breaches of duties that merely restate contractual obligations."

15   *Aas v. Superior Court,* 24 Cal.4th 627, 643 (2000); *see also United Guar. Mortg. Indem. Co v.*

16   *Countrywide Fin. Corp.,* 660 F.Supp.2d 1163, 1180 (C.D. Cal. 2009) (noting that California law

17   "generally bars tort claims for contract breaches".)  "Conduct amounting to a breach of contract

18   becomes tortious only when it violates an independent duty arising from principles of tort law."

19   *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503, 515 (1994).

20        Plaintiff does not allege that IndyMac committed any sort of "fraud extraneous to the

21   contract."  *Giles v. Gen. Motors Acceptance Corp. .,* 494 F.3d 865, 880 (9th Cir.2007) (citations

22   and internal quotation marks omitted).)  Plaintiff's allegations simply "amount[ ] to nothing more

23   than a failure to perform a promise contained in a contract." *Id.* at 876; *see also Morgan v. Aurora*

24   *Loan Svcs., LLC*, 2013 WL 3448552, at *6 n. 6 (C.D. Cal. 2013.)  Because Plaintiff's

25   misrepresentation claims are based on IndyMac's alleged "failure to perform [its] contractual

26   obligations, [he] can recover only in contract for the economic losses due to [his] disappointed

27   contractual expectations."  *Butler–Rupp v. Lourdeaux,* 134 Cal.App.4th 1220, 1229 (1st Dist.

28   2005).

1    Therefore, Plaintiff's first and second causes of action should be dismissed without leave

2    to amend.

3    **E.    Plaintiff's Promissory Estoppel Claim Fails for the Same Multiple Reasons his**
     **Misrepresentation Claims Fail.**

4

5    As this Court has already concluded, Plaintiff has not alleged reliance, causation or

6    damages, and therefore, Plaintiff has not stated a claim for promissory estoppel.  11/15/13 Order

7    (Doc. 33) at 15 *citing Alimena v. Vericrest Fin., Inc.*, 2013 WL 4049663, at *12 (E.D. Cal. 2013)

8    (internal citation omitted.)  Moreover, "as a general rule, a gratuitous oral promise to postpone a

9    foreclosure sale or to allow a borrower to delay monthly mortgage payments is unenforceable.

10   [Citations.]"  *Garcia v. World Savings, FSB*, 183 Cal.App.4th 1031, 1039 (2010).

11   Thus, Plaintiff's fourth cause of action should be dismissed without leave to amend.

12   **F.    Plaintiff's Failure to Perform His Obligations Under Any Alleged Contract Prohibits**
     **him from Bringing a Breach of Contract Claim.**

13

14   Plaintiff alleges that IndyMac breached its promise to him when it failed to provide him

15   with a loan modification plan consistent with HAMP guidelines.  SAC, ¶101.  That said, as has

16   already been recognized by this Court, Plaintiff simultaneously alleges that he did not make all of

17   the payments that were required under the loan modification agreement.  SAC, ¶102.  Thus,

18   because Plaintiff himself has not performed, he cannot bring a breach of contract claim.  11/15/13

19   Order (Doc. 33) at 11-12.

20   Plaintiff attempts to bypass basic contract law, by alleging that he was excused from

21   performing, because his payments were based on inaccurate income and outside of HAMP

22   guidelines.  SAC, ¶102.  The Court has already informed Plaintiff that, "mere unforeseen

23   difficulty or expense . . . ordinarily will not excuse performance."  1 Witkin, Summary of

24   California Law (Contracts) §830 (10th ed. 2005); *Metzler v. Thye*, 163 Cal.95, 98 (1912); 11/15/13

25   Order (Doc. 33) at 11.  Plaintiff would need to show that his payments were "objectively

26   impossible" for any person to make the required payments in order to be excused from

27   performing.  *Rosales v. Downey Sav. & Loan Ass'n*, 2009 WL 514229, at *8 (S.D. Cal. 2009)

28   (internal citation omitted.)  Plaintiff fails to meet this burden.

10
NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    Lastly, there is no legally cognizable right to a loan modification, and, even if there were,

2    damages from an alleged "breach of an agreement to negotiate a loan modification" are too

3    speculative to support a breach of contract claim. *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*,

4    249 F.3d 958, 961 (9th Cir. 2001) citing *Auerbach v. Great Western Bank* 74 Cal.App.4th 1172,

5    1191 (1999). Indeed, "proof [of such damages] would be impossible as a practical matter in most

6    cases." *Vestar Dev. II, LLC*, 249 F.3d at 961-61. A mere "agreement to agree," cannot be

7    enforced. *Beck v. Am. Health Grp. Int'l, Inc.,* 211 Cal.App.3d 1555, 1563 (1989), citing *Autry v.*

8    *Republic Prods., Inc.*, 30 Cal.2d 144, 151 (1947) . "There is no dispute that neither law nor equity

9    provides a remedy for breach of an agreement to agree in the future. Such a contract cannot be

10   made the basis of a cause of action." *Autry*, 30 Cal.2d at 152. Further, "[t]he court may not imply

11   what the parties will agree upon." *Kerr Glass Corp. v. Elizabeth Arden Corp.*, 61 Cal.App.2d 55,

12   56-57 (1943).

13   Plaintiff's third cause of action should therefore be dismissed without leave to amend.

14   **G.       Plaintiff Fails to Allege that He Was Owed Any Duty of Care.**

15   Plaintiff alleges that IndyMac breached a duty of care in handling his modification

16   application. SAC, ¶115. That said, as already recognized by this Court in its previous order, loan

17   modification activities are part of a loan servicer's "conventional role as a lender of money," and

18   therefore, loan servicers do not owe a duty of care to borrowers. *Nymark v. Heart Fed. Sav. &*

19   *Loan Ass'n* 231 Cal.App.3d 1089, 1096 (3d Dist. 1991); *see also Armstrong v. Chevy Chase Bank,*

20   *FSB* 2012 WL 4747165, at *4 (N.D. Cal. 2012); *Settle v. World Sav. Bank, SFB* 2012 WL

21   1026103, at *8 (C.D. Cal. 2012); 11/15/13 Order (Doc. 33) at 13.

22   In his SAC, Plaintiff cites to *Lueras v. BAC Home Loans* 221 Cal.App.4th 49 (4th Dist.

23   2013) for the incoherent proposition that "there is a duty not to make a misrepresentation or not

24   negligently [*sic*] regarding the status of the application or the time [*sic*], and status of the

25   foreclosure sale." SAC, ¶113. First, to the extent that Plaintiff is simply trying to reassert his

26   failed misrepresentation claims discussed above, such a claim fails for the same reasons that the

27   prior claims fail.

28   Second, *Lueras* says nothing close to the confused scheme that Plaintiff attributes to the

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    case.  In *Lueras*, the plaintiff "alleged Bank of America and ReconTrust breached a duty of care in

2    the handling of his application for a loan modification and in foreclosing his property."  *Lueras*,

3    221 Cal.App.4th at 62.  The *Lueras* Court simply went on to "conclude [that] a loan modification

4    is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's

5    conventional role as a lender of money . . . Likewise, Bank of America and ReconTrust did not

6    have a duty of care to handle Lueras's loan 'in such a way to prevent foreclosure and forfeiture of

7    his property.' "  *Lueras*, 221 Cal.App.4th at 68.

8              Lastly, any negligence claim is precluded by the economic loss doctrine.  "[P]laintiffs may

9    recover in tort for physical injury to person or property, but not for purely economic losses that

10   may be recovered in a contract action."  *San Francisco Unified Sch. Dist. v. W.R. Grace & Co.*, 37

11   Cal.App.4th 1318, 1327 (1995); *see also Seely v. White Motor Co.*, 63 Cal.2d 9, 18-19 (1965).

12   Plaintiff has alleged no injury to his person or property.  Economic losses alone will not support

13   his tort claim.

14             Therefore, Plaintiff's fifth cause of action should be dismissed without leave to amend.

15   **H.      Plaintiff's Civil Code Section 2923 Claims Are Preempted by HOLA.**

16             Plaintiff alleges that IndyMac violated the Civil Code sections 2923.6(c), 2923.6(d), and

17   2923.7 by "dual tracking" his application, failing to assign him a single point of contact, and not

18   permitting him to appeal the denial of his application.  SAC, ¶¶ 126, 127, 132.  As this Court

19   already indicated in its previous order, "section 2923 is preempted because it imposes

20   requirements on the 'processing, origination, [and] servicing' of plaintiff's mortgage loan and

21   application for a loan modification in addition to those imposed by federal law."  11/15/13 Order

22   (Doc. 33) at 17-18 *citing* 12 C.F.R. § 560.2(b)(10); *Biggins v. Wells Fargo & Co.* 266 F.R.D. 399,

23   417 (N.D. Cal 2009); *Marquez v. Wells Fargo Bank, N.A.* 2013 WL 5141689, at *5 (N.D. Cal

24   2013).

25             Further, as this Court also recognized, "[e]ven if section 2923 were not covered by

26   §560.2(b)(10), it would still be preempted to the extent that it affected IndyMac's lending

27   activities by imposing liability on IndyMac for its conduct in the loan modification process."

28   11/15/13 Order (Doc. 33) at 18 *citing* Final Rule, 61 Fed. Reg. at 50966-67.  Likewise,  to the

extent that Plaintiff argues that IndyMac's failure to communicate with him during the

modification process is actionable, Plaintiff's claims are still preempted, because said claims

would impose duties on IndyMac that would not exist in other states.  11/15/13 Order (Doc. 33) at

18 *citing Parcray v. Shea Mortg., Inc.* 2010 WL 1659369, at *8 (E.D. Cal. 2010) (internal citation

omitted).

> Accordingly, Plaintiff's seventh, eighth and ninth causes of action should be dismissed
> without leave to amend.

**I.       Plaintiff's Civil Code Section 2924 Claim Is Preempted by HOLA.**

> As this Court stated in its prior order, Plaintiff's Section 2924 claim is also preempted by
> HOLA.  First, "[c]laims based on misconduct related to the foreclosure proceedings" are preempted
> by HOLA.  *Ismail v. Wells Fargo Bank, N.A.*, 2013 Wl 930611 at *9 (E.D. Cal. 2013); *DeLeon v.
> Wells Fargo Bank, N.A.*, 729 F.Supp.2d 1119, 1126 (N.D. Cal. 2010); *Ngoc Nguyen v. Wells Fargo
> Bank, N.A.*, 749 F.Supp.2d 1022, 1032 (N.D. Cal. 2010).  Second, Plaintiff's claim is additionally
> preempted because Plaintiff alleges that IndyMac lacked authority to initiate foreclosure due to the
> subject loan being assigned to a securitized trust.  12 C.F.R. §560.2(b)(1); *Sami v. Wells Fargo
> Bank*, 2012 WL 967051 at *6-7 (N.D. Cal. 2012) .

> Regardless of preemption, a vast majority of district courts in California have held that
> borrowers do not have standing to assert claims based upon alleged violations of a pooling and
> servicing agreement, because borrowers are not parties to pooling and servicing agreements.
> *Phong Tran v. Bank of America, N.A.,* No. 12–4507 PSG, 2013 WL 2368048 at *2–3 (N.D.Cal.
> May 29, 2013) (dismissing Plaintiff's breach of PSA claims without leave to amend because
> Plaintiff did not allege that he is a party to the PSA, only that he was harmed by Defendants'
> alleged violation of the PSA); *Kirk v. Wells Fargo Bank, N.A.,* No. C 12–05969 SI, 2013 WL
> 132519 at *3 (N.D. Cal. 2013); *Patel v. Mortgage Electronic Registration Systems, Inc.* 2013 WL
> 4029277 (N.D. Cal. 2013); *Aniel v. GMAC Mortgage, LLC* 2012 WL 5389706 at *4 (N.D. Cal.
> 2012);  *Ganesan v. GMAC Mortgage, LLC* 2012 WL 4901440 at *4 (N.D. Cal. 2012); *Lane v.
> Vitek Real Estate Indus. Grp.,* 713 F.Supp.2d 1092, 1099 (E.D. Cal. 2010) ; *Hafiz v. Greenpoint
> Mortg. Funding, Inc.,*  652 F.Supp.2d 1039, 1042–43 (N.D. Cal. 2009).

1    Hence, Plaintiff's tenth cause of action should be dismissed without leave to amend.

2  **J.    Plaintiff's UCL Claim Is Preempted by HOLA.**

3    Under his UCL claim, Plaintiff alleges violation of Civil Code Sections 2923 and 2924.

4  SAC, ¶119.  As was already decided by this Court, "[b]ecause 'those statutes would impose

5  additional requirements on [IndyMac] in the mortgage process, the UCL claim is . . . preempted to

6  the extent that it depends on those statutes."  11/15/13 Order (Doc. 33) at 20-21 *citing Plastino v.*

7  *Wells Fargo Bank*, 873 F.Sup.2d 1179, 1186 n.4 (N.D. Cal. 2012); *Vega v. JP Morgan Case Bank,*

8  *N.A.*, 654 F.Supp.2d 1104, 1118 (E.D. Cal. 2009).  The viability of a UCL claim simply stands or

9  falls with antecedent, substantive causes of action.  *See Krantz v. BT Visual Images, L.L.C.*, 89

10  Cal.App.4th 164, 178 (2001); *People v. Duz-Mor Diagnostic Lab., Inc.*, 68 Cal.App.4th 654, 673

11  (1998) (a defense to the underlying offense is a defense under the UCL); *Glenn K. Jackson Inc. v.*

12  *Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) (dismissing section 17200 claim where underlying

13  negligence and fraud claims were insufficient as a matter of law).  Because Plaintiff has failed to

14  plead any viable claims against the Defendants, his UCL claim likewise fails.

15    Therefore, Plaintiff's sixth cause of action should be dismissed without leave to amend.

16  **K.    Plaintiff Fails to Allege that any Statutory Violations, as Opposed to Foreclosure**
17  **Proceedings, Caused His Alleged Injury.**

18    As the Court previously stated, in order to state a viable claim for wrongful foreclosure,

19  Plaintiff "must demonstrate that the 'violation of the statute(s) [themselves], and not the

20  foreclosure proceedings, caused [his] injury,' " and Plaintiff has failed to do so.  11/15/13 Order

21  (Doc. 33) at 22 *citing Aguilar v. Wells Fargo Bank, N.A.* 2012 WL 5915124, at *5 (N.D. Cal.

22  2012).

23    Because Plaintiff's statutory claims fail, so does his wrongful foreclosure that is simply

24  based on the statutory claims.  *Falcocchia v. Saxon Mortg., Inc.* 709 F.Supp.2d 873, 887 (E.D.

25  Cal. 2010); *DeLeon*, 729 F.Supp.2d at 1126.  Further, Plaintiff has not alleged prejudice as a result

26  of any alleged statutory violations.  11/15/13 Order (Doc. 33) at 22-23.

27    Also, the recording of a trustee's deed upon sale establishes a presumption the foreclosure

28  was conducted regularly and properly.  *Lona v. Citibank, N.A.*, 202 Cal.App.4th 89, 102 (2011);

1 | *Melendez v. D&I Investment, Inc.*, 127 Cal.App.4th 1238, 1258 (2005); *see also* Cal. Evid. Code

2 | §600, §601.  Where the presumption of validity is rebuttable, the "presumption may only be

3 | rebutted by substantial evidence of **prejudicial** procedural irregularity…It is the burden of the

4 | party challenging the trustee's sale to prove such irregularity and thereby overcome the

5 | presumption of the sale's regularity." *Lona*, *supra*, 202 Cal.App.4th at 105 [internal quotations

6 | omitted; emphasis added]; *Melendrez*, 127 Cal.App.4th at 1258.  "This presumption is ***conclusive***

7 | as to a bona fide purchaser." *Lona*, *supra*, at 105-106 [emphasis added]; citing Cal. Civ. Code

8 | § 2924; *Knapp v. Doherty*, 123 Cal.App.4th 76, 87 (2004); *Moeller v. Lien*, 25 Cal.App.4th 822,

9 | 830–831, 1250 (1994).  For purposes of a nonjudicial foreclosure sale, the proper standard to

10 | determine whether a buyer is a bona fide purchaser is "whether the buyer (1) purchased the

11 | property for value[6], and (2) had no knowledge or notice of the asserted rights of another."

12 | *Melendrez*, 127 Cal.App.4th at 1253.

13 | Here, the trustee's deed upon sale establishes the presumption of validity.  RJN, Ex. H.

14 | Freddie Mac purchased the Subject Property for value, having paid $251,170 at the trustee's sale.

15 | *Id*.  As there is a conclusive presumption that the trustee's sale was conducted regularly and

16 | properly, Plaintiff cannot prevail on any of his claims based on purported wrongful foreclosure

17 | upon the subject property.

18 | Thus, Plaintiff's eleventh cause of action should be dismissed without leave to amend.

19 | **V.  CONCLUSION**

20 | The Court is not required to permit futile amendments.  *See DeSoto* 957 F.2d at 658.

21 | Because the Court has already permitted Plaintiff to amend his pleadings – **twice** – and it clear that

22 | Plaintiff is unable to state a single viable claim against any of the Defendants, all claims should

23 | now be dismissed with prejudice and without leave to amend.

24 |

25 |

26 | ───────────────

27 | [6] "The first element does not require that the buyer's consideration be the fair market value of the property (or anything approaching it)." *Melendrez*, supra, at 1251.

28 |

15

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  DATED:  December 17, 2013          SEVERSON & WERSON
                                      A Professional Corporation
2

3

4                                     By:    _/s/ Kurt C. Wendlenner_____
                                               Kurt C. Wendlenner
5

6                                     Attorneys for Defendants ONEWEST BANK, FSB
                                      erroneously sued as IndyMac Mortgage Services, a
7                                     division of OneWest Bank, FSB and FEDERAL HOME
                                      LOAN MORTGAGE CORPORATION
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF